UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACOB SANDFORD,

Plaintiff,

- against -

THE CITY OF NEW YORK and JASON BUTLER, Individually and in His Official Capacity,

Defendants

13CV1586(SAS)

COMPLAINT AND DEMAND FOR JURY TRIAL

ECF CASE

Plaintiff, by his attorney, Eugene M. Bellin, complaining of the defendants, alleges:

**NATURE OF THE ACTION**

1. This is a civil rights action to redress the defendants' violation of the rights accorded to plaintiff Jacob Sandford by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments, and by the laws and the Constitution of the State of New York.

2. Plaintiff Jacob Sandford is a citizen of the United States who was present in the IND subway station at 125th Street and St. Nicholas Avenue, New York, New York, on December 9, 2011, when New York City police officer Jason Butler discharged a firearm, striking the plaintiff in the back, causing the plaintiff to sustain serious and permanent physical injuries. The defendants' actions were unlawful, and the plaintiff brings this action seeking compensatory and punitive damages.

**JURISDICTION AND VENUE**

3. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), 42 U.S.C. §§1983 and 1988, in that this is an action seeking to

redress the violation of the plaintiff's constitutional and civil rights, and 28 U.S.C. §1367(a), in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that the all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendant Jason Butler can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

**PARTIES**

5. Plaintiff Jacob Sandford is a citizen of the United States who resides in the County of Westchester, City and State of New York.

6. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

7. At all times relevant herein, defendant The City of New York maintained a police department.

8. Defendant Jason Butler is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

9. At all times relevant herein, defendant Jason Butler was acting within the scope of his employment by defendant The City of New York.

## NOTICE OF CLAIM

10. On March 2, 2012, and within ninety days of the accrual of the causes of action herein, plaintiff Jacob Sandford served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

11. More than thirty days have elapsed since the plaintiff's Notice of Claim was served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

12. Plaintiff incorporates by reference paragraphs 1 through 11 of this complaint as though the same were set forth fully herein.

13. On December 9, 2011, plaintiff Jacob Sandford was present on a platform of the IND subway station located at 125th Street and St. Nicholas Avenue, in the Borough of Manhattan, City and State of New York.

14. On December 9, 2011, plaintiff Jacob Sandford was seated on a bench on a platform of the IND subway station located at 125th Street and St. Nicholas Avenue, in the Borough of Manhattan, City and State of New York.

15. On December 9, 2011, on a platform of the IND subway station located at 125th Street and St. Nicholas Avenue, in the Borough of Manhattan, City and State of New York, defendant Jason Butler approached plaintiff Jacob Sandford with a firearm in the defendant's hand.

16. At the above time and place, defendant Jason Butler arrested plaintiff Jacob Sandford.

17. During the course of arresting plaintiff Jacob Sandford, defendant Jason Butler discharged his firearm, striking plaintiff Jacob Sandford in the back.

18. The discharge of his firearm by defendant Jason Butler constituted the use of deadly force.

19. At the time defendant Jason Butler discharged his firearm at plaintiff Jacob Sandford, the plaintiff was not threatening either defendant Jason Butler or any other person with the use of deadly force.

20. As a result of the use of deadly force by defendant Jason Butler, plaintiff Jacob Sandford sustained serious, disabling, crippling and permanent injuries.

**COUNT ONE**
**USE OF EXCESSIVE FORCE UNDER 42 U.S.C. §1983**

21. Plaintiff incorporates by reference paragraphs 1 through 20 of this complaint as though the same were set forth fully herein.

22. Defendant Jason Butler used excessive and unreasonable force against plaintiff Jacob Sandford.

23. The level of force used by defendant Jason Butler was objectively unreasonable.

24. The use of excessive force by defendant Jason Butler deprived plaintiff Jacob Sandford of his right to be secure in his person guaranteed by the Fourth Amendment of the Constitution of the United States.

25. Defendant Jason Butler was acting under color of state law when he used excessive force against plaintiff Jacob Sandford.

26. Defendant Jason Butler deprived plaintiff Jacob Sandford of his right to be secure in his person guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by using excessive force against him.

27. As a result of defendant Jason Butler's use of excessive force, plaintiff Jacob Sandford sustained serious, disabling, crippling and permanent injuries.

28. As a result of defendant Jason Butler's use of excessive force, plaintiff Jacob Sandford experienced pain, physical and emotional distress, hardship and anxiety.

**COUNT TWO**
**MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983**

29. Plaintiff incorporates by reference paragraphs 1 through 28 of this Complaint as though the same were set forth fully herein.

30. The acts complained of were carried out by defendant Jason Butler in his capacity as a police officer and employee of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

31. The acts complained of were carried out by defendant Jason Butler in his capacity as a police officer pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

32. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of employing excessive force in the course of arresting suspects, in violation of the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States.

33. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

(a) Defendant The City of New York failed properly to train police officers in the standards for the use of deadly force during the arrest of individuals consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

(b) Defendant The City of New York failed properly to train police officers in the circumstances under which deadly force may be used during the arrest of an individual;

(c) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during arrests;

(d) Defendant The City of New York failed properly to monitor and investigate instances of the use of deadly force by police officers to determine if its police officers were following proper standards for the use of deadly force during the arrest of individuals consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

(e) Defendant The City of New York failed properly to investigate instances of the discharge of firearms by police officers to determine whether the officers were following proper standards for the discharge of firearms and the use of deadly force;

(f) Defendant The City of New York failed to discipline police officers for discharging firearms and for using excessive force inappropriately.

34. The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

35. The subjection of plaintiff Jacob Sandford to excessive force through the discharge of a firearm resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of and the requirements for discharge of a firearm and use of excessive force.

36. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to discharge firearms and to employ excessive force during the course of arrests where not threatened by the use of deadly force.

37. Defendant The City of New York deprived plaintiff Jacob Sandford of his rights to be free of unreasonable searches and seizures and to be secure in his person guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom for officers to discharge firearms and to employ excessive force during the course of arrests where not threatened by the use of deadly force.

38. The aforesaid conduct of defendant The City of New York violated plaintiff Jacob Sandford's rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments of the Constitution of the United States.

**COUNT THREE**
**MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983**

39. Plaintiff incorporates by reference paragraphs 1 through 38 of this Complaint as though the same were set forth fully herein.

40. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, lawsuits, claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendant Jason Butler is an unfit, ill tempered police officer who has the propensity to commit the acts alleged herein.

41. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against this officer.

42. Upon information and belief, defendant The City of New York failed to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights.

43. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

44. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Jacob Sandford would be violated.

45. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Jacob Sandford.

46. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

47. Defendant The City of New York deprived plaintiff Jacob Sandford of his rights to be free of unreasonable searches and seizures and to be secure in his person guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

**COUNT FOUR**
**COMMON LAW BATTERY**

48. Plaintiff incorporates by reference paragraphs 1 through 47 of this Complaint as though the same were set forth fully herein.

49. Defendant Jason Butler committed a battery on the person of plaintiff Jacob Sandford by discharging a firearm at the plaintiff, striking him in the back.

50. As a result of the foregoing, plaintiff Jacob Sandford was injured.

51. As a result of the foregoing, plaintiff Jacob Sandford sustained serious, disabling, crippling and permanent injuries.

52. As a result of the foregoing, plaintiff Jacob Sandford experienced pain, physical and emotional distress, hardship and anxiety.

**COUNT FIVE**
**COMMON LAW NEGLIGENCE**

53. Plaintiff incorporates by reference paragraphs 1 through 52 of this Complaint as though the same were set forth fully herein.

54. Defendant Jason Butler recklessly, carelessly and negligently discharged his firearm, striking plaintiff Jacob Sandford in the back.

55. The defendants recklessly, carelessly and negligently caused injury to plaintiff Jacob Sandford.

56. As a result of the negligence of the defendants, plaintiff Jacob Sandford sustained serious, disabling, crippling and permanent injuries.

57. As a result of the foregoing, plaintiff Jacob Sandford experienced pain, permanent disability, physical and emotional distress, hardship and anxiety.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

A. Award the plaintiff compensatory damages to be determined by the jury at the time of trial;

B. Award the plaintiff punitive damages to be determined by the jury at the time of trial;

C. Award the plaintiff reasonable attorney's fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D. Grant such further relief as the Court deems necessary and proper.

**JURY TRIAL DEMANDED**

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
March 7, 2013

EUGENE M. BELLIN

Eugene M. Bellin (EB-0722)
Attorney for Plaintiffs
233 Broadway - Suite 2201
New York, New York 10279
(212) 267-9100